UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRIS A SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-370 |
| | § | |
| SHERIFF JONATHON DAVIDSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is a civil rights action, filed pursuant to 42 U.S.C. §1983, by the plaintiff, Chris A. Sanchez (#110032). The plaintiff has paid the full filing fee. He brings this suit against Galveston County Sheriff's Office deputies Johnathan Davidson, Jay Young and Donna Bouse, alleging that they filed false police reports that lead to his conviction. The plaintiff seeks monetary damages. After conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court will dismiss this lawsuit for failure to state a claim, for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the plaintiff's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

The plaintiff seeks monetary damages for allegedly improper police activity (the filing of false police reports) that allegedly resulted in his conviction. He neither alleges nor shows that the conviction has been reversed or set aside.  Consequently, this section 1983 lawsuit seeking monetary damages for an unjust conviction are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should not be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (footnotes omitted).

Because a judgment in favor of the plaintiff in this lawsuit would necessarily imply the invalidity of his conviction, and because the plaintiff has not shown that the conviction has been invalidated through a federal habeas proceeding, the plaintiff's section 1983 claims are barred. Accordingly, this case is **DISMISSED** until such time as the plaintiff satisfies the conditions set forth in *Heck*.  All pending motions, if any, are **DENIED.**

It is so **ORDERED.**

SIGNED at Houston, Texas this 9th day of April, 2012.

_____
Kenneth M. Hoyt
United States District Judge